1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. JONES,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE, Warden-USP Atwater,<br><br>    Respondent. | Case No.  1:22-cv-01470-HBK (HC)<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED<br><br>(Doc. No.  2)<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Gregory C. Jones, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 14, 2022.  (Doc. No. 1)  Petitioner accompanied the filing of his petition with an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2).  Petitioner attaches an Inmate Inquiry in support of his IFP application, which reflects a balance of $1,469.27 in Petitioner's inmate trust fund account as of November 8, 2022. (Doc. No. 2).  This amount well exceeds the $5.00 filing fee for this action.  Petitioner is therefore ordered to show cause why he meets the indigence requirement for eligibility to proceed IFP.

Proceeding IFP is "a matter of privilege and not right."  *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds).  While IFP applicants need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948).  Petitioner must allege indigence "with some particularity, definiteness

and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

  Petitioner has more than adequate funds to pay the $5.00 filing fee for this action in full. While a balance of $1,469.27 appears modest, it is sizeable considering Petitioner does not incur expenses in prison for necessities such as sustenance, housing, and medical care. Further 28 U.S.C. § 1915(b)(1) mandates the Court to assess an initial filing fee of 20% of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance for the six-month period preceding the filing of the action, whichever is greater. Here, Petitioner's six-month average balance was $2585.36. (Doc. No. 2 at 4). Thus, the $5.00 filing fee is well below the 20% the Court must assess under 28 U.S.C. § 1915(b)(1). Petitioner shall show cause why he cannot afford to pay the filing fee and is entitled to proceed IFP.

  Accordingly, it is **ORDERED**:

  Within **fourteen days** from receipt of this Order, Petitioner shall either: (1) withdraw his motion to proceed *in forma pauperis* and direct officials at Atwater U.S. Penitentiary to submit the $5.00 filing fee to the Clerk of Court; or (2) show cause why he meets the indigence requirement to proceed *in forma pauperis*.

Dated:  November 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE