UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. JONES, | Case No. 1:22-cv-01470-HBK (HC) |
| Petitioner, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMENDATIONS TO DENY PETITIONER'S MOTION TO |
| B.M. TRATE, Warden-USP Atwater, | PROCEED *IN FORMA PAUPERIS* |
| Respondent. | (Doc. No. 2) |
| | FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Gregory C. Jones, a federal prisoner who is proceeding pro se, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 14, 2022. (Doc. No. 1). Petitioner seeks leave to proceed *in forma pauperis*. (Doc. No. 2, "IFP"). On November 22, 2022, due to the balance in Petitioner's inmate trust fund account, the undersigned entered an order to (1) withdraw his motion to proceed IFP and direct officials at Atwater U.S. Penitentiary to submit the $5.00 filing fee to the Clerk of Court; or (2) show cause why he meets the indigence requirement to proceed IFP. (Doc. No. 4). Petitioner did not respond to the Order, and the deadline for doing so has passed. Therefore, the undersigned recommends Petitioner be denied IFP status and he be required to pay the $5.00 filing fee due to having sufficient funds in his inmate account.

////

**BACKGROUND**

Petitioner is currently confined at United States Penitentiary, Atwater. In his IFP application, Petitioner declares he is unable to pre-pay the full amount of fees and costs for these proceedings or give security and believes that he is entitled to the relief sought in his petition. (Doc. No. 2 at 1). However, the Inmate Inquiry attached to the application confirms Petitioner has an available sum of $1,469.27 in his inmate account as of November 8, 2022. (*Id*. at 3).

**APPLICABLE LAW AND ANALYSIS**

A petition for habeas corpus must be accompanied by the applicable filing fee or a request for leave to proceed IFP. *See* Rule 3(a) of the Rules Governing Section 2254 Cases.[1] The IFP request must include "the affidavit required by 29 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." *Id*. Under 28 U.S.C. § 1914, the filing fee for a habeas action is $5.00.

Proceeding IFP in a habeas action or a civil rights action is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Although an IFP applicant need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, an applicant must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

Petitioner does not incur expenses in prison for necessities such as sustenance, housing, and medical care. *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (prisoners are in state custody "and accordingly have the 'essentials of life' provided by the government."). Although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by Petitioner reflects that he has sufficient funds to pre-pay the $5.00 filing fee in full to commence this action and still will have adequate funds left over for any incidental personal or commissary expenses. Thus, the undersigned recommends that Petitioner's motion to proceed *in forma pauperis* be denied.

The Court has already ordered Petitioner to show cause why he is unable to pay the filing fee (Doc. No. 4) and Petitioner failed to respond to the show cause order. Thus, if Petitioner fails to pay the $5.00 filing fee after being afforded thirty days to pay the fee, the district court may properly dismiss this action without further notice. *Young v. U.S.*, 465 F. App'x 597, 598 (9th Cir. 2012) (memorandum) (district court did not abuse discretion for dismissing habeas petition after petitioner did not timely pay the filing fee or provide an IFP application) (citing *James v. Madison Street Jail*, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (explaining requirements for timely filing by pro se prisoner of application) ); *Culler v. Board of Prison Terms*, 405 F. App'x 263, 264 (9th Cir. 2010) (memorandum) (same); *Scott v. LaMarque*, 27 F. App'x 858, 859 (9th Cir. 2001) (memorandum) (affirming dismissal for petitioner's failure to comply with order to pay filing fee or show cause why he could not pay); *see also Hammond v. Asuncion*, 2019 WL 1454200 (C.D. Cal. April 1, 2019 (collecting cases).

Accordingly, it is **ORDERED**:

The Clerk shall assign a district court judge to this case for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be DENIED.

2. Petitioner be required to pay the $5.00 filing fee for this habeas action within **thirty (30) days** of the Court's order adopting these Findings and Recommendations, absent which the

3

1  Court will automatically dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41 and
2  Local Rule 110.

3                           NOTICE TO PARTIES

4       These findings and recommendations will be submitted to the United States district judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
6  days after being served with these findings and recommendations, a party may file written
7  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Parties are advised that failure to file objections within the
9  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,
10 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12 Dated:     January 6, 2023
13                                          HELENA M. BARCH-KUCHTA
                                            UNITED STATES MAGISTRATE JUDGE