UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden, USP Atwater<br><br>　　　　　Respondent. | Case No.  1:22-cv-01470-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. No. 18) |

Petitioner Gregory C. Jones ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition raises one ground for relief: Petitioner is "actually innocent of the pre-Booker 'stacked' 924(c) sentences, at Counts 4 and 6 of the Indictment."  (*Id*. at 7).  To the extent discernable, Petitioner relies on *Dean v. United States*, 137 S. Ct. 1170 (2017) and the First Step Act of 2018 as support for this claim.  (*Id*. at 7-11); *See* First Step Act, Pub. L. No. 115-391, Title IV, § 403, 132 Stat. 5221-22 (2018).  In response,

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. No. 12).

Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28 U.S.C. § 2255 does not apply to Petitioner's claim. (Doc. No. 18, "Motion"). Respondent attached portions of the record from Petitioner's court of conviction. (Doc. No. 18-1).

On June 27, 2023, the Court permitted Respondent to file a supplemental response in light of the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. ---, 143 S. Ct. 1857 (2023), decided on June 22, 2023. (Doc. No. 19). On July 11, 2023, Respondent filed a supplement to the motion to dismiss arguing that dismissal of the Petition is compelled pursuant to *Jones*. (Doc. No. 20). Petitioner has not filed a reply, and the deadline for doing so has passed. (*See* Doc. No. 19 (allowing seven days from Respondent's supplemental response to file a supplemental reply)). For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I. BACKGROUND

**A. Procedural History**

Petitioner is serving a 675-month cumulative sentence for federal crimes including two counts of carjacking in violation of 18 U.S.C. § 2119, one count of bank robbery in violation of 18 U.S.C. § 2113, and three counts of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), imposed by the United States District Court for the Southern District of Indiana ("SDIN") in 1997 after Petitioner's jury trial. *See United States v. Jones et al.*, 1:97-cr-00118-RLY-DKL-2, Crim. Doc. No. 14 (S.D. In.)[2]; Doc. No. 18-1.

The United States Court of Appeals for the Seventh Circuit affirmed Petitioner's conviction and sentence on direct appeal. Crim. Doc. No. 14; *United States v. Jones*, 188 F.3d 773 (7th Cir. 1999). Petitioner's subsequent collateral attacks and motions were denied. *See* Crim. Doc. Nos. 42, 59, 76, 86, 139. In September 2022, the Seventh Circuit upheld the district court's denial of Petitioner's § 3582 motion for compassionate release. Crim. Doc. No. 154; *Jones v. United States*, 2022 WL 3999978 (7th Cir. 2022).

////

---

[2] The undersigned cites to the record in Petitioner's underlying SDIN criminal case as "Crim. Doc. No. _.".

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. Jurisdiction under § 2241

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.* at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Supreme Court's recent decision in *Jones v. Hendrix* forecloses Petitioner's claim. *Id.*, 143 S. Ct. at 1864. Therein, the Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* The Supreme Court opined that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional

3

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 1867.  "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.* at 1869.

Petitioner argues he has § 2241 jurisdiction under the savings clause of § 2255(e) based on the intervening statutory interpretation by the Supreme Court in *Dean*.  *See Garcia v. United States,* 923 F.3d 1242 (9th Cir. 2019) ("*Dean's* rule derives from statutory interpretation, not the Constitution.").  In light of *Jones*, this Court lacks jurisdiction to consider Petitioner's claim. Moreover, to the extent Petitioner seeks compassionate relief under The First Step Act, it is well-settled that such a motion must be brought before the petitioner's sentencing court—here the United States District Court for the Southern District of Indiana.  18 U.S.C. § 3582(c)(1)(A); *Bolden v. Ponce*, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (explaining that "[o]nly the original sentencing court can entertain" requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and that a habeas petitioner "may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district"); *see also United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (explaining that a motion under § 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence").  Thus, this Court has no jurisdiction under § 2241 to entertain Petitioner's compassionate relief request.

Accordingly, it is **ORDERED**:

Respondent's Motion to Dismiss (Doc. No. 18) is GRANTED and the Petition (Doc No. 1) is dismissed for lack of jurisdiction.

Dated:   August 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE